UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAREEM TIANA NEWMAN, Plaintiff, -against- MUNICIPAL CREDIT UNION, Defendant. | : | 25-CV-3246 (ALC) <br> <u>ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Shareem Tiana Newman brings this action against Defendant Municipal Credit Union ("Defendant") for violations of the U.S. Constitution, various federal statutes and regulations, and economic torts. Dkt. 1. Before the Court is Defendant's Motion to Dismiss (the "Motion") pursuant to Federal Rules of Civil Procedure 12(b)(6). Dkt. 17. For the reasons outlined below, the Motion is **GRANTED**, and the Complaint is dismissed in its entirety, with leave to amend.

## CASE BACKGROUND

### I. Factual Background

The following facts are taken from Plaintiff's Complaint, Dkt. No 1, and are presumed true for purposes of the Motion.

Plaintiff maintains a "Hero Savings Account, an Everyday Hero Account, and an Overdraft Line of Credit with MCU." ECF No. 1 at 10. Between March 2024 and April 2025,

MCU improperly charged Plaintiff with insufficient funds fees, which led to her Everyday Hero account being closed. *Id*. at 8. Plaintiff then made a $34.99 payment to reopen the account. *Id*.

On October 16, 2024, Plaintiff made a wire transfer of $50 towards an overdraft loan fee. Plaintiff's account also reflected a "pledge loan hold for $1,563.82." ECF No. 1 at 9. Plaintiff claims Defendants made daily calls to the Plaintiff regarding payment but had "no history of the transaction" regarding the pledge loan, which resulted in a negative credit report. *Id*. at 5. Plaintiff was unable to make a payment because the Plaintiff did not have access to the accounts since they were previously frozen. *Id*. at 9.

Defendants "revers[ed] all unlawful fees" assessed to Plaintiff's account and removed the loan hold. *Id*. at 6.

## II. Procedural History

Plaintiff initiated this action on April 15, 2025. ECF No. 1. Plaintiff brings claims for (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.; (2) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.; (3) violations of the Federal Reserve Act ("FRA"), 12 U.S.C. §§ 221, *et seq*.; (4) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*.; (5) violations of NCUA Regulations; (6) Breach of Contract; (7) Unjust Enrichment; (8) violations of Consumer Financial Protection Act ("CFPA"), 15 U.S.C. 1692, *et seq*.; and (9) violations of her Privacy Rights. ECF No. 1 at 10.

Thereafter, Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 17. Plaintiff opposed the Motion, ECF No. 18. Defendants replied on March 6, 2026. ECF No. 19.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). Because Ms. Newman is proceeding pro se, the Complaint "must be construed liberally and interpreted to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2nd Cir. 2006) (internal quotations omitted).

In addition to the factual allegations in the complaint, the court may consider "the

documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

### I. Plaintiff Fails to State a Claim with Respect to Her Statutory Claims

Plaintiff's statutory claims must be dismissed because Plaintiff does not have standing to bring an action or the statutes do not apply to the facts as alleged.

#### a. The CFPA, Federal Reserve Act, and NCUA Regulations Do Not Include a Private Right of Action

Plaintiff brings claims under the CFPA, Federal Reserve Act, and NCUA regulations. Neither the CFPA nor the Federal Reserve Act has a private right of action. *See Zubair v. Conedison Co. of NY*, 2020 WL 2857206, at *2 (S.D.N.Y. 2020) ("Courts within this Circuit have held that the CFPA provides no private right of action."); *Scriven v. Barnum*, 2024 WL 1769318, at *1 (E.D.N.Y. 2024) ("there is no private right of action under the Federal Reserve Act"). Plaintiff also does not point to any NCUA regulation that would provide her with a private right of action to enforce the regulations. The NCAU is empowered by statute to supervise and regulate credit unions. *See, e.g., Balko v. Ukrainian Nat. Fed. Credit Union*, 2014 WL 1377580, at * 14 (S.D.N.Y. 2014); 12 U.S. Code § 1766 (describing NCAU's enforcement powers). Plaintiff does not provide a basis to find that there is a concurrent private right of action.

Plaintiff's claims are therefore subject to dismissal under Fed. R. Civ. Pro. 12(b)(6) because there is no private right of action. *See Barnum*, 2024 WL 1769318, at *1. Plaintiff's claims are DISMISSED with leave to amend the NCAU claim.

**b. Plaintiff Fails to State a Claim Under the FCRA**

Plaintiff also brings a claim under the Fair Credit Reporting Act ("FCRA"). The "Notice of Claim & Intent" attached to the Complaint specifically raises § 1681s-2(a), which does not contain a private right of action. *Longman v. Wachovia Bank, N.A.,* 702 F.3d 148, 151 (2nd Cir. 2012) ("there is no private cause of action for violations of § 1681s–2(a) [of the FCRA]").

In her opposition to the Motion to Dismiss, Plaintiff argues that she can bring her claims pursuant to 15 U.S.C. § 1681s-2(b). As she correctly notes, "the notice triggering [the FCRA's] duties must come from a [credit reporting agency], not the consumer." *Sprague v. Salisbury Bank and Trust Co.*, 969 F.3d 95, 99 (2nd Cir. 2020). Plaintiff has not alleged that any credit reporting agency sent such a notice to the Defendant, or that Defendants did not then make the appropriate corrections. Plaintiff has therefore also failed to state a claim under § 1681s-2.

Plaintiff's claim under the FCRA is DISMISSED with leave to amend.

**c. The FDCPA and TILA are Inapplicable to the Facts Alleged**

Plaintiff alleges violations of the Fair Debt Collections Act ("FDCPA"). Generally, the FDCA does not apply to creditors or those attempting to collect their own debts. *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2nd Cir. 1998) (citing 15 U.S.C. § 1692a(6)).

Creditors can be liable if, "in the process of collecting his own debts, [the Creditor] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id*. A creditor should use the "name under which it usually transacts business," "a commonly-used acronym," "or any name that it has used from the inception of the credit relation." *Id*. A creditor is therefore "not considered a debt collector so long as it uses the creditor's true business name when collecting." *Id*. (cleaned up). Plaintiff refers to several

individuals and does not note whether they identified themselves as being affiliated with the "Creditor's true business name." *Id*. At 235. However, the Complaint attaches a collection letter on MCU letterhead. ECF No. 1 at 25. The most plausible inference is that Plaintiff knew that MCU was collecting their own debts, and as such, the FDCPA does not apply. This claim is therefore subject to dismissal.

Plaintiff also alleges violations of the Truth in Lending Act (TILA). The TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). The TILA covers both disclosure of credit terms and billing practices disputed by the consumer. *See Kurz v. Chase Manhattan Bank*, 273 F.Supp.2d 474, 477 (S.D.N.Y. 2003) ("Congress also sought to force creditors to be more responsive to their customers, both by displaying relevant information clearly and by ensuring that they would respond promptly to complaints regarding billing errors."). Plaintiff has not alleged either a failure to disclose relevant terms or that she complied with the "required procedure to be followed in the obligor wishes to query [her] bill." *Id*.; 15 U.S.C. § 1666. Plaintiff has therefore failed to allege a violation of the TILA.

Accordingly, Plaintiff's claims with respect to the FDCPA and TILA are DISMISSED with leave to amend.

**II. Plaintiff Fails to Plausibly Allege a Violation of Her Privacy Rights**

Plaintiff alleges that Defendants breached her "privacy rights." Plaintiff does not specify to which "privacy rights" she refers. As the court must construe pro se pleadings liberally, the court will interpret Plaintiff as attempting to allege a violation of the US Constitution and federal

law.

The Second Circuit has held that the US Constitution includes a "right to privacy protecting the individual interest in avoiding disclosure of personal matters." *Matson v. Bd. of Educ. Of City Sch. Dist. Of New York*, 631 F.3d 57, 63 (2nd Cir. 2011) (cleaned up). Plaintiff does not allege that the case involves any "personal matter" or sensitive information that was subject to Constitutional protection.

Plaintiff has also failed to plausibly allege a violation of federal privacy law. The Federal Privacy Act "does not include within its definition private companies." *Lowman v. NVI LLC*, 821 Fed. Appx. 29, 31 (2nd Cir. 2020).

Accordingly, this claim is DISMISSED with leave to amend.

**III. The Court Will Not Consider the State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines at this time to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). Because Plaintiff is granted leave to amend, the Court will not

definitively decline or elect to exercise supplemental jurisdiction at this point.

**CONCLUSION**

Accordingly, Defendant's motion to dismiss is **GRANTED**.

The Court will afford Plaintiff the opportunity to amend her Complaint to attempt to cure its deficiencies, if she wishes to do so. Rule 15(a)(2) states "the court should freely give leave when justice so requires." *Id*. The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, Plaintiff is **GRANTED** leave to file an amended Complaint by October 5, 2026.

**SO ORDERED.**

**Dated:** September 9, 2026
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**